IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-43-FL

| | | |
|---|---|---|
| DENNIS ALLEN BRILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 17, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

## BACKGROUND

On October 22, 2014, plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning September 10, 2014. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after a February 6, 2017, hearing, denied plaintiff's claims by decision entered May 2, 2017. Following the ALJ's denial of the applications, plaintiff timely requested review, and the Appeals Council denied plaintiff's request for review, leaving the

ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on February 5, 2018, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 10, 2014. At step two, the ALJ found:

> 3. The claimant has the following severe impairments: ischemic heart disease post-heart attack, essential hypertension, hyperlipidemia, COPD, sleep apnea, degenerative disc disease, obesity, diabetes mellitus, carpal tunnel syndrome ("CTS"), neuropathy, depression, and neurocognitive disorder (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 13). However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the following residual functional capacity ("RFC"):

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can frequently handle and finger bilaterally. The claimant can never work at unprotected heights or around moving, mechanical parts. He can have occasional exposure to dust, odors, fumes, and pulmonary irritants. In addition, the claimant is limited to simple, routine, and repetitive tasks.

(Tr. 16). At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff argues in his objections that the ALJ erred in 1) failing to discuss his functional limitation to have limited interaction with the public due to severe depression, and 2) finding that plaintiff could perform frequent handling and fingering despite evidence of carpal tunnel syndrome confirmed by nerve testing. The magistrate judge thoroughly and cogently addressed both arguments, (see M&R 6-11, 14), as well as additional arguments raised by plaintiff. (Id. 11-14, 15-17). Upon de novo review of arguments raised in plaintiffs' objections, the court adopts the M&R as its own.[1] The court writes separately to augment the analysis in the M&R.

Plaintiff argues that the ALJ erred "in failing to discuss th[e] functional limitation" alleged of limited interaction with co-workers and the public, including the report of Robert D. Radson, M.S. (Obj. at 5). However, the ALJ in fact discussed this alleged functional limitation and report in detail. He discussed the alleged limitation as follows:

> Although the claimant testified to trouble being around others, in his function report, he denied having problems getting along with others, which is inconsistent with his testimony (Ex. 4E/9). He noted attending church on a regular basis as well as going out alone and shopping in stores (Ex. 4E/7-8). The undersigned also notes that the claimant has a history of performing semi-skilled work as a home attendant (which required him to be around others) despite his mental impairments, helping to support the residual functional capacity (Hearing Testimony).

(Tr. 23). The ALJ also discussed the report of Robert D. Radson, M.S., noting that its findings regarding this alleged limitation are not consistent with the record, including plaintiff's conduct in the consultative examination, the treatment notes, as well as plaintiff's "history of semi-skilled work, lack of regular urgent or emergency care for mental health symptomology, and inconsistent mental

---

[1] With respect to remaining issues addressed in the M&R, upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's treatment of these issues, including status post heart attack, fatigue, and shortness of breath.

5

health treatment prior to 2016." (Id.). The ALJ gave greater weight to opinion of Brett A. Fox, Psy. D, who opined that plaintiff could "interact with co-workers, supervisors, and the general public." (Id.). In addition, the ALJ discussed in detail plaintiff's other mental health conditions, including depression. (Tr. 21-22).

In sum, the ALJ sufficiently "identif[ied] the individual's functional limitations or restrictions and assess[ed] his . . . work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (quotations omitted). Likewise, the ALJ discussed conflicting evidence in the record as to plaintiff's RFC, allowing for the court to discern an "accurate and logical bridge from the evidence to [the ALJ's] conclusion." Monroe, 826 F.3d at 189. Therefore, the court rejects plaintiff's objection regarding the alleged functional limitation of limited interaction with co-workers and the public.

Plaintiff also argues that the ALJ erred in finding that plaintiff could perform frequent handling and fingering in spite of evidence of carpal tunnel syndrome confirmed by nerve testing. Plaintiff points to a September 8, 2015, evaluation by Dr. R. Stewart, confirming bilateral median nerve focal demyelinating sensimotor mononeuropathies at or near the wrist. Again, however, the ALJ discussed in detail the carpal tunnel symptoms, findings, and treatment in the record, including the September 8, 2015, evaluation by Dr. R. Stewart (Tr. 20; see Tr. 576). The ALJ discussed substantial evidence in the record showing that the carpal tunnel symptoms and examination findings in the record supported only a functional limitation to frequently handle and finger bilaterally. (See Tr. 20-21).

In weighing the evaluation by Dr. R. Stewart, the ALJ noted that "the record does not show that the claimant required [carpal tunnel syndrome] release or physical therapy for [carpal tunnel

6

syndrome]." (Tr. 20). The ALJ discussed examination findings and treatment notes "finding normal motion, strength, and sensation in general," coupled with the fact that there "are only a few examinations specifically dealing with CTS and/or hand pain, and such treatment only occurred [for] a period of about 7 months," including "limited treatment for upper extremity neuropathy and the evidence of intact wrist motion, strength, and sensation despite CTS." (Id. at 20-21; see, e.g., 473, 484, 557, 575). In addition, in reference to handling limitations, the ALJ noted plaintiff's activities such as fishing, showering, dressing, dusting, mopping, and driving. (Tr. 22). Finally, the ALJ addressed limited treatment for carpel tunnel syndrome, despite Medicaid coverage "until at least December of 2016." (Id.).

In sum, the ALJ properly discussed and weighed the evidence in the record bearing on functional limitations of frequently handling and fingering bilaterally, and the ALJ's determination was supported by substantial evidence. Therefore, the court rejects plaintiff's objection regarding limitations caused by carpal tunnel syndrome, and remand is not required for further function by function analysis.

## CONCLUSION

Based on the foregoing, upon careful review of the M&R and the record, the court ADOPTS the M&R as its own. Plaintiff's motion for judgment on the pleadings (DE 17) is DENIED, and defendant's motion for judgment on the pleadings (DE 19) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this the 25th day of March, 2019.

LOUISE W. FLANAGAN
United States District Judge